The Honorable Robin F. Green Prosecuting Attorney Nineteenth Judicial District West Benton County Courthouse 100 NE "A" Street Bentonville, Arkansas 72712
Dear Ms. Green:
I am writing in response to your request for an opinion on whether an investigative file maintained by your office is subject to release under the Arkansas Freedom of Information Act, codified at A.C.A. §§ 25-19-101
to -107 (Repl. 1996) and (Supp. 1999) ("FOIA"). Specifically, you describe the file as follows:
 The file that is requested contains documents pertaining to an investigation conducted by my predecessor, Brad Butler, during his tenure as Prosecuting Attorney. The investigation centered around allegations by a female inmate in the Benton county Detention Facility, Stephanie Roberts, who alleged a number of things, including: that she was touched inappropriately by a jail sergeant; that she was brought out of her cell and taken to the jail sergeant's office or on outings with officers, such as to the firing range; and that a lieutenant, who is now deceased, made remarks of a sexual nature to her. It should be noted that subsequent allegations arose regarding Mr. Butler's alleged relationship with Ms. Roberts, as well.
You state that you "know that when there is an investigation which results in the suspension or termination of an employee, the employment records constituting that investigation become public records subject to the Freedom of Information Act if there is a compelling public interest in their disclosure." You also state that: "Here, the Benton County Sheriff's Office also conducted an investigation into the allegations of Ms. Roberts, and did not suspend or terminate any employees. Thus, their file in this regard would not be a public record." You therefore ask the following questions:
 1) Given that Mr. Butler conducted his own investigation-are these similar records now public documents because the investigation was by the Prosecuting Attorney?
 2) A corollary issue is also presented: there are certain duties placed upon the receiving agency when it receives a request pursuant to this Act for personnel records, which are similar in nature to the documents requested. In that instance, the agency is required to notify the subject of the records within twenty-four hours of the request and give that person an opportunity to appeal the decision. Is this requirement applicable in this instance, as well?
RESPONSE
I have not reviewed the actual file in question and therefore cannot come to any definite conclusions as to the public nature of any individual documents contained therein. It is my opinion, however, in response to your first question, that to the extent the file contains actual employee evaluation or job performance records created by or at the behest of the employees' supervisor(s) (i.e., the file contains the actual sheriff's office employment documents), these records are exempt in the hands of the prosecuting attorney to the same extent they would be exempt in the hands of the sheriff. See Op. Att'y Gen. 2000-257 (concluding that documents created by a sheriff's office for the purpose of evaluating employee performance are also exempt when in the hands of the Arkansas Department of Corrections). If the documents you describe, however, were not created for the purpose of documenting or evaluating the job performance of employees, the provision shielding such documents from public inspection does not apply. See Op. Att'y Gen. 2000-168. If the documents were instead created in the course of an investigation of suspected criminal activity, the exemption found in A.C.A. §25-19-105(b)(6) (for undisclosed investigations by law enforcement agencies of suspected criminal activity) may apply, but ceases to exist upon conclusion of the investigation. See Martin v. Musteen,303 Ark. 656, 799 S.W.2d 540 (1990).
You state that the records in the investigative file at issue are "similar in nature" to the documents created in the sheriff's investigation. You do not state that they are one and the same. Additionally, although you do not state the purpose of Mr. Butler's investigation, I assume that as prosecuting attorney, his jurisdiction was to investigate suspected criminal activity. Ordinarily, prosecuting attorneys have no supervisory employment relationship with employees of a county sheriff. If these conclusions are correct, in my opinion records created in the prosecuting attorney's investigation are not entitled to the exemption you mention for "employee evaluation and job performance records" in A.C.A. § 25-19-105(c)(1).
The records may be exempt from disclosure under the exemption for "undisclosed investigations by law enforcement agencies of suspected criminal activity" mentioned above. This exemption, however, ceases to apply at the conclusion of the investigation. See Martin, supra.
Notwithstanding these facts, other information in the file may be exempt from disclosure by virtue of other specific provisions of law. For example, social security numbers are exempt from disclosure. See Op. Att'y Gen. 99-011, citing 5 U.S.C. § 552a (the "Federal Privacy Act"). Any records qualifying as "medical records" are exempt from disclosure. Additionally, in some instances, an individual's privacy interest may rise to a level worthy of constitutional protection. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to documents containing constitutionally protectable information.See McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909
(1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, the question becomes whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their nondisclosure. Any custodian must consider this potential constitutional issue before disclosing any document.
The answer to your second question depends upon the nature of the records. If the records are investigative records created by the prosecuting attorney in an effort to uncover suspected criminal activity, the notice provisions of A.C.A. § 25-19-105(c)(3)(A) and (B) do not apply. The records in question are not in that instance "personnel or evaluation records" for purposes of the notice provisions of A.C.A. §25-19-105(c)(3)(A) and (B). To the extent any of the records are actual employment records, the issue of notice to the employees is less clear. There is no interpretive case law on this point. Because the Act does not differentiate between employing agencies and non-employing agencies in this regard, however, it is my opinion that such notice should be given. Obviously, if the custodian agency does not have the factual information to give the notice or make the decision as to releasability of the record, it may have to obtain such information from the employing agency.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh